UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAKAN ALNAWAISEH,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1868

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24.)

In an Order entered on June 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the May

20, 2026, bond hearing on June 23, 2026. (Resp., ECF No. 5; Recording of May 20, 2026, Bond

Hearing, filed on Jun. 23, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Jordan who was admitted into the United States in 2018. Op.,

*Rakan Alnawaiseh v. Kevin Raycraft* (*Alnawaiseh I*), No. 1:26-cv-1440 (W.D. Mich. May 14,

2026) (ECF No. 7). On January 6, 2026, ICE agents arrested Petitioner. *Id.*

On May 1, 2026, Petitioner filed a § 2241 petition challenging his initial detention without

a bond hearing in *Alnawaiseh I*. In *Alnawaiseh I*, the Court conditionally granted Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of

the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from

custody. Op. & Jud., *Alnawaiseh I*, (W.D. Mich. May 1, 2026), (ECF Nos. 7, 8).

On May 20, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration

Judge Order, *Alnawaiseh I*, (W.D. Mich. May 21, 2026) (ECF No. 9-1). At the conclusion of that

hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

"The government has shown the respondent is a flight risk by clear and convincing evidence." *Id.*

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply

the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 20,

2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government

to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v.*

*Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden

of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        July 1, 2026              /s/ Jane M. Beckering                
                                        Jane M. Beckering
                                        United States District Judge

3